NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 20 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANISH KUMAR, | No.　14-72561 |
| Petitioner, | Agency No. A089-127-173 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016**

Before:　BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Manish Kumar, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.　We have jurisdiction under 8 U.S.C. § 1252.　We review

for abuse of discretion the denial of a motion to reopen, *Najmabadi v. Holder*, 597

---

　*　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　**　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

F.3d 983, 986 (9th Cir. 2010), and we review de novo due process claims in immigration proceedings, *Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000). We deny the petition for review.

The BIA did not abuse its discretion in denying Kumar's second motion to reopen as untimely and numerically-barred where the motion was filed more than four years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Kumar failed to demonstrate a material change in circumstances in India to qualify for a regulatory exception to the time and number limitations for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Najmabadi*, 597 F.3d at 987-90 (petitioner failed to show evidence was "qualitatively different" to warrant reopening). We reject Kumar's contentions that the BIA failed to consider arguments or record evidence, or otherwise erred in analyzing his claim. *See Najmabadi*, 597 F.3d at 990-91 (the BIA adequately considered evidence and sufficiently announced its decision). We reject Kumar's contention that the agency violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

14-72561